**MAYALL HURLEY, P.C.**
**ROBERT J. WASSERMANN (SBN:  258538)**
rwassermann@mayallaw.com
**JENNY D. BAYSINGER (SBN:  251014)**
jbaysinger@mayallaw.com
**112 S Church Street**
**Lodi, California 95240**
**Telephone (209) 477-3833**
**Facsimile:  (209)473-4818**

**Attorneys for Plaintiffs LEILANI KRYZHANOVSKIY and PATRICIA SALAZAR, individually, on behalf of all others similarly situated, and as a proxy for the LWDA**

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEILANI KRYZHANOVSKIY, PATRICIA SALAZAR ,individually, on behalf of all others similarly situated, and as a proxy for the LWDA;**<br><br>     **Plaintiff,**<br><br>v.<br><br>**AMAZON.COM SERICES, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,**<br><br>     **Defendants.** | Case No.:  2:21-cv-01292-BAM<br><br>**PLAINTIFFS' REQUEST FOR APPROVAL OF FURTHER AMENDED CLASS NOTICE**<br><br>Judge:       Hon. Barbara A. McAuliffe |

Pursuant to Local Civil Rule 137(c) and Federal Rule of Civil Procedure 23, subdivisions (c)(2) and (e)(1), Plaintiffs Leilani Kryzhanovskiy and Patricia Salazar (collectively, "Plaintiffs") hereby request this Court's authorization/approval of a further amended Notice of Pendency of Class Action, Preliminary Approval of Settlement, and Hearing for Final Approval ("Class Notice") in order to correct an identified error.  In support of this request, Plaintiffs represent as follows, and respectfully request the Court enter an order in accordance herewith:

1  WHEREAS, On March 22, 2024, this Court issued an Order Granting in Part Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("PA Order") (Dkt. No. 58). Through the PA Order, the Court approved the proposed amended Class Notice that was attached as Exhibit 9 to the Supplemental Declaration of Jenny D. Baysinger (Dkt. No. 57). See Dkt. No. 58, p. 37:6-38:3; Order ¶ 13.

WHEREAS, the Class Notice is scheduled for mailing on or before Tuesday, May 7, 2024.

WHEREAS, upon review of the approved notice (Dkt. 57, Exh. 9), Plaintiffs' counsel noted an error in light of the PA Order. The erroneous language has been removed in the attached further amended Class Notice. A version with the redlined language is attached hereto as Exhibit A and the clean version Plaintiffs seek authorization to send to the Administrator is attached as Exhibit B.

THEREFORE, Plaintiffs respectfully request the Court issue an Order authorizing dissemination of a further amended Class Notice in the form attached hereto as Exhibit B.

DATED: April 19, 2024         MAYALL HURLEY P.C.

                              By  */s/ Jenny D. Baysinger*
                                  JENNY D. BAYSINGER
                                  Attorneys for Plaintiffs and the Putative Class

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILANI KRYZHANOVSKIY and PATRICIA SALAZAR, individually and on behalf of all others similarly situated and as a proxy for the LWDA,<br><br>          Plaintiffs,<br>v.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>          Defendants. | CASE NO.  2:21-cv-01292-BAM<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PRELIMINARY APPROVAL OF SETTLEMENT, AND HEARING FOR FINAL APPROVAL** |

**IMPORTANT:  THIS LEGAL NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY.  YOU ARE NOT BEING SUED.**

TO:    ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES OF DEFENDANTS IN CALIFORNIA BETWEEN JULY 22, 2017 AND NOVEMBER 7, 2023 WHO RECEIVED A SIGNING AND/OR ON SIGN BONUS IN THE SAME WORKWEEK HE/SHE WORKED OVERTIME, INCLUDING DOUBLE TIME

RE:    Notice of settlement of a class action lawsuit for alleged Labor Code violations and announcement of a court hearing that you may choose to attend.  You are entitled to receive a payment under the terms of this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **If you do nothing, you will receive a payment under the terms of the Settlement.** |
| **EXCLUDE YOURSELF** | **If you wish to be excluded from the Settlement, you must submit a written election not to participate known as an "opt-out."  If you opt out, you will not be bound by the Settlement and will not receive a payment.** |
| **OBJECT** | **You may write to the Court, Class Counsel, and Defendants' Counsel about why you do not like the Settlement.   If the Court approves the Settlement despite your objection, you will still be bound by the Settlement.** |
| **GO TO A HEARING** | **Write to the Court, Class Counsel, and Defendants' Counsel and ask to speak to the Court about why you do not like the Settlement, or write to Class Counsel to obtain instructions about how to attend the remote final approval hearing.** |

**YOUR OPTIONS ARE MORE FULLY EXPLAINED BELOW.**

**THE DEADLINE TO OPT-OUT OR OBJECT TO THE SETTLEMENT IS_____ \_\_, 2024.**

1. <u>**WHY DID I RECEIVE THIS NOTICE?**</u>

Plaintiffs Leilani Kryzhanovskiy and Patricia Salazar ("Plaintiffs") and Defendants Amazon.com Services, Inc. and Amazon.com Services, LLC ("Defendants" or "Amazon", collectively with Plaintiff, the "Parties") have proposed to settle this class action lawsuit. Your employment records indicate that you are a member of the Settlement Class. If the Court approves the Settlement, your legal rights may be affected. This court-approved Notice of Pendency of Class Action, Preliminary Approval of Settlement, and Hearing for Final Approval ("Notice"), is only a summary. A more detailed document, called the "Class Action Settlement Agreement and Release" (the "Settlement"), containing the complete terms is on file with the Court as part of the motion for preliminary approval, and is available for your review on the Court's website and on the website relating to this Class Action that is maintained by the Settlement Administrator.

2. <u>**WHAT IS THIS LAWSUIT ABOUT?**</u>

Plaintiff Kryzhanovskiy initially filed this lawsuit against Defendants on July 22, 2021, in the United States District Court, Eastern District of California. A First Amended Class and Representative Action Complaint for Damages and Civil Penalties was filed August 20, 2021. On November 29, 2023, a Second Amended Class and Representative Action Complaint for Damages and Civil Penalties was filed which, among other things, added Plaintiff Salazar as a named plaintiff. Through the operative complaint, Plaintiffs allege that, during their employment, Defendants had a policy, pattern, and practice of failing to properly calculate and pay overtime wages and redeemed sick leave to certain non-exempt employees who earned Signing Bonuses and/or On Sign Bonuses, failing to provide accurate, itemized wage statements that provide all of the information required by Labor Code section 226(a)(2), and failing to pay all wages due at the time of separation. Plaintiff Kryzhanovskiy also separately asserts individual claims for alleged violations of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940, et al.) and failure to timely provide her copies of her personnel and payroll records ("Kryzhanovskiy Individual Claims").

Defendants deny any liability or wrongdoing of any kind and maintain their practices were lawful. The Court has made no determination about the strengths and weaknesses of the claims or contentions of either Plaintiffs or Defendants.

There are multiple ongoing cases against Defendants including the following:

- *Juan Trevino v. Golden State FC LLC* – a consolidated action pending in the Eastern District of California Case No. 1:18-cv-00120-DAD-BAM
- *Porter v. Amazon.com Services, LLC* – Central District of California Case No. 2:20-cv-09496-JVS-SHK
- *Clayborn v. Amazon.com Services, LLC* – Central District of California Case No. 5:20-02368-JVS-SHK

The plaintiffs in these other matters have alleged class claims against Defendants, some of which may overlap with the claims asserted in this Action and subject to the Settlement. To the extent claims in any of the above matters overlap with claims in this Action, they will be resolved along with the class claims in this Action upon the Court's final approval of the Settlement.

3. <u>**WHO IS COVERED BY THE CLASS ACTION AND PROPOSED SETTLEMENT?**</u>

The Settlement covers the claims of a number of current and former employees of Defendants (referred to as the "Class Members" and collectively as the "Class") consisting of the following:

All current and former non-exempt employees of Defendants in California during the Class Period who received a Signing Bonus and/or On Sign Bonus in the same workweek as he/she worked overtime, including doubletime.

There are approximately 3,232 total Class Members.

### A.     The Effect of Membership in the Settlement Class.

If you are a Class Member as defined above, you are automatically a "Participating Settlement Class Member" unless you opt-out (i.e., exclude yourself from the Settlement by following the procedures set forth in this Notice). Participating Settlement Class Members are entitled to a share of the "Net Settlement Amount" (or, "NSA") and will be bound by the Settlement if it is approved by the Court. Individuals who opt-out will not be bound by the Settlement and will not be eligible to receive a payment.

## 4.     WHAT ARE THE TERMS OF THE SETTLEMENT?

The proposed Settlement was agreed upon between Defendants and Class Counsel following extensive litigation including formal discovery, informal information/data exchange, and months of negotiations. The Parties concluded, after taking into account the risks and costs attendant to further litigation and substantial benefits to be received pursuant to the Settlement, that the Settlement is fair, adequate, and in the best interest of the Class Members. The United States District Court, Eastern District of California, by and through the Honorable Barbara A. McAuliffe, approved the Settlement on a preliminary basis _____, 2024.

### A.     Overall Summary of the Settlement Terms.

Defendants will pay $3,000,000 to settle this case (referred to as the "Gross Settlement Fund" or "GSF"). The GSF includes payments to Participating Settlement Class Members, the fees and costs of the Settlement Administrator, a service payment to Plaintiffs, and Class Counsel's attorneys' fees and costs, as well as a payment to the State of California.

### B.     Costs of Settlement Administrator.

The Parties have agreed to employ Atticus Class Action Administration to serve as Settlement Administrator. The Settlement Administrator's fees and costs for administering the Settlement, estimated to be no more than $25,000, if approved by the Court, will be paid out of the GSF.

### C.     Payment to the State.

The Parties have allocated $100,000 of the GSF to any civil penalties that could be awarded pursuant to the California Labor Code Private Attorneys General Act (the "PAGA"). Of that amount, $75,000 will be paid to the California Labor and Workforce Development Agency, and the remaining amount ($25,000) will be distributed to PAGA Settlement Members, regardless of whether he/she opts out of the Settlement.

### D.     Enhancement Payments to Class Representatives.

Plaintiffs have each been approved by the Court to serve as "Class Representative." As Class Representatives, each Plaintiff is entitled to a payment for her services to the Class. The Parties have agreed, and the Court has preliminarily approved a payment of $10,000, or 0.33% of the GSF, to Plaintiff Kryzhanvoskiy and $7,500, or 0.25% of the GSF, to Plaintiff Salzar for each's respective service to the Class.

### E. Class Counsel's Fees and Costs.

Class Counsel is entitled to attorney's fees and costs for representing the Class Members. Class Counsel will request attorneys' fees of one-third of the GSF, presently $1,000,000, to be split 90% to Mayall Hurley, P.C. and 10% to the Law Offices of Mark S. Adams and reimbursement of actual litigation costs of up to $30,000. Defendants do not object to Class Counsel's request. ~~The Court has preliminarily approved payment to Class Counsel in the amounts and allocation set forth above.~~

### F. Resolution of the Kryzhanovskiy Individual Claims.

Separate and apart from the Class claims, Plaintiff Kryzhanovskiy also agreed to settle the Kryzhanovskiy Claims for a separate amount of $25,000. The resolution of those claims *is not* contingent on the Court approving the Class Settlement. Plaintiff Kryzhanovskiy has provided Defendants with a complete release broader than that impacting the Settlement Class, including a section 1542 waiver of her individual claims as well as all other claims, known or unknown which she may have against Defendants.

### G. Expected Net Settlement Amount ("NSA") and Individual Settlement Payments

The NSA is expected to be at least $1,827,500. This amount will be distributed to Participating Settlement Class Members based on the number of workweeks he/she worked for Defendants between July 22, 2017 and November 7, 2023 (the "Class Period"). Participating Settlement Class Members whose employment with Defendants ended will be credited with an additional four (4) workweeks for purposes of calculating his/her proportional Individual Settlement Payment.

### H. What Can I Expect to Receive?

The payments to Participating Settlement Class Members (those who do not opt out) will be calculated as follows:

Individual Settlement Payments will be calculated and apportioned on a pro rata basis from the NSA to Participating Settlement Class Members who do not opt out depending on the number of "weeks worked" or "workweeks" (defined as any calendar week during the Class Period) in which a Participating Settlement Class Member performed at least one day of work for Defendants. Participating Settlement Class Members whose employment has ended will be credited an additional four (4) weeks worked for purposes of calculating their pro rata share of the NSA. Participating Settlement Class Members do not need to submit a claim to participate and receive their Individual Settlement Payment.

The Parties estimate that the *average* payment to each Participating Settlement Member will be approximately $565.43.

Defendants' records indicate that you are a member of the Settlement Class. The records also indicate that you worked: (a) _____ workweeks [and that you separated from employment with Defendants] during the Class Period. It is estimated that your Individual Settlement Payment will be $_____. It will not be possible to know the exact amount of your payment until the response deadline has passed and the Settlement Administrator knows the number of Participating Settlement Class Members.

50% of each Individual Settlement Payment will be treated as wages and reported on a W-2 Form, and the remaining 50% will be treated as penalties and interest and reported on a Form 1099.

Any and all employer tax obligations that Defendants would normally be responsible for paying will be paid by Defendants in addition to the Gross Settlement Fund. Participating Settlement Class Members are responsible for any other taxes owing on their settlement payment(s).

5. **WHAT AM I GIVING UP IF I DO NOT OPT OUT OF THE SETTLEMENT?**

Each Participating Settlement Class Member shall forever and completely release and discharge Defendants and Released Parties from the Released Claims.

"Released Parties" means Defendants and each of their past, present, and/or future, direct, and/or indirect officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint ventures.

"Released Class Claims" means all claims, actions, demands, causes of action, suits, debts, obligations, demands, rights, liabilities, or legal theories of relief, that are based on the facts and legal theories asserted in the operative complaint of the Action, or which relate to the primary rights asserted in the operative complaint, including without limitation claims for (1) failure to pay overtime under California Labor Code §§ 510, 558, 1194, and 1198, (2) failure to furnish accurate wage statements under California Labor Code § 226(a), (3) failure to pay sick leave in violation of Labor Code § 248.5, (4) waiting time penalties in violation of Labor Code §§ 201–203, and (5) unlawful business practices under Unfair Competition Law including Business and Professions Code sections 17200 *et seq*. The period of the Released Class Claims shall extend to the limits of the Class Period.

"Released PAGA Claims" means all claims for civil penalties pursuant to PAGA based on the facts and legal theories asserted in the operative complaint of the Action, or which relate to the primary rights asserted in the operative complaint, including without limitation PAGA claims for (1) failure to pay overtime under California Labor Code §§ 510, 558, 1194, and 1198, (2) failure to furnish accurate wage statements under California Labor Code § 226(a), (3) failure to pay sick leave in violation of Labor Code § 248.5, and (4) waiting time penalties in violation of Labor Code §§ 201–203. The period of the Released PAGA Claims shall extend to the limits of the PAGA Period.

**If you do NOT exclude yourself by following the procedures set forth in this Notice and the Court approves the proposed Settlement, you will be deemed to have released these claims.**

6. **HOW DO I RECEIVE A PAYMENT?**

All Settlement Class Members will receive a payment under this Settlement unless they opt-out. If you are a Class Member and you move or change your address, and you want to receive your settlement benefits at your new address, you must send a notice of your change of address to the Settlement Administrator, Atticus Class Action Administration, [CASE SPECIFIC MAILING ADDRESS HERE].

7. **WHAT ARE THE REASONS FOR THE SETTLEMENT?**

Class Counsel and Plaintiffs agreed to enter into the proposed Settlement after weighing the risks and benefits of the Settlement when compared with those of continuing the litigation. The factors that Class Counsel and Plaintiffs considered included the strength of the Settlement Class Members' claims, the uncertainty and delay associated with continued litigation, a trial, and appeals, and the uncertainty of particular legal issues yet to be determined, including whether the Class would be certified. Class Counsel and Plaintiffs balanced these and other substantial risks in determining that the proposed Settlement is fair, reasonable, and adequate in light of all circumstances and in the best interest of Settlement Class Members.

Although Defendants deny any liability or wrongdoing of any kind, they have agreed to the Settlement in order to avoid risks, costs, and disruption of business associated with protracted litigation.

8. **WHAT ARE MY RIGHTS AND OPTIONS?**

If you are a Settlement Class Member as defined above, you have the following rights and options under the proposed Settlement:

**A.     Participate in the Settlement, be represented by Class Counsel, and take no action.**

If you take no further action, you will be a Participating Settlement Class Member, will be represented by Class Counsel, and will have the right to a share of the NSA. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendants and the other Released Parties. As a Participating Settlement Class Member, you will not be charged for the services of Class Counsel.

**B.     Participate in the Settlement, but elect to hire your own attorney.**

If you do not wish to be represented by Class Counsel, you may hire your own attorney. Your attorney must send a Notice of Appearance to the Settlement Administrator at the address listed below, so that it is received no later than _____, ___ 2024, and must also file same with the Court. You will be responsible for any attorneys' fees and costs charged by your attorney.

**C.     Exclude yourself from the Settlement by opting out.**

If you are a Settlement Class Member but **do not** want to participate in the settlement, you may exclude yourself by opting out. If you choose to opt-out, you will lose any right to participate in the Settlement and you will not be eligible to claim a share of the Settlement. You will be free to pursue any claims you may have against Defendants on your own behalf, but Class Counsel will not represent you.

In order to opt-out, you must notify the Settlement Administrator in writing, at the address listed below. In order to be effective, your opt-out must be postmarked or delivered to the Settlement Administrator no later than [45 days from the mailing of the Class Notice], and must be signed, contain your full name, current home (or mailing) address, the last four digits of your Social Security number, and written affirmation of your desire to opt-out containing the following or substantially similar language:

> "I elect to opt-out of the *Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.* class action settlement. I understand that by doing so, I will not be able to participate in the settlement and will not receive a share of the settlement proceeds."

If you do not comply with these procedures, you will lose any opportunity to exclude yourself from the Settlement, will be a Participating Settlement Class Member, will be represented by Class Counsel, and will receive a share of the NSA. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendants and the other Released Parties.

**D.     Object to the terms of the Settlement.**

If you are dissatisfied with the terms of the Settlement, you may, but are not required to, object to the Settlement. All objections and supporting papers must be written and shall (a) clearly identify the case name and number (*Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01292-BAM); (b) include your full name, address, telephone number, and the last

four digits of your Social Security Number; (c) concisely state each objection and the grounds therefore; (d) state whether you would like to appear at the Final Approval Hearing; (e) be mailed to the Settlement Administrator, (f) be served in person or through the mail upon Class Counsel and Defendants' Counsel identified below, and (g) be served in person or through the mail upon the Settlement Administrator, together with proofs of service of all such documents.  To be timely, your objection must be postmarked and served on the Settlement Administrator on or before [45 days following the mailing of the Class Notice].  The Settlement Administrator will lodge any objections with the Court in advance of the Final Approval Hearing.

If you have filed a timely and proper objection, you also may, but are not required to, appear and present argument at the Final Approval Hearing.  Objections not timely postmarked or delivered to the Settlement Administrator by [45 days after the mailing of the Notice Packet] will not be considered by the Court.  If you file an objection that is not timely, or that does not include the information specified above, you will have no right to appear and present any argument at the final approval hearing.

You may be represented by an attorney at the final approval hearing.  Any attorney who will represent an individual Settlement Class Member must file a notice of appearance with the Court and serve counsel for all parties on or before [45 days after the mailing of the Notice Packet].  All objections or other correspondence must state the name and number of the case – *Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01292-BAM.

## 9.   WHEN IS THE COURT HEARING AND WHAT IS IT FOR?

The Court will hold the Final Approval Hearing in the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721 on September 10, 2024, at 9:00 a.m. in Courtroom 8 (6th Floor) to determine whether the Settlement should be finally approved as fair, reasonable and adequate.  The date of the Final Approval Hearing may be changed at the discretion of the Court.  If this happens, notice will be posted on the Settlement Administrator's website.  The Court will also be asked to approve the fees and costs of the Settlement Administrator, the payment to the State of California, the enhancement payments to the Class Representatives, and the fees and costs of Class Counsel.  **It is not necessary for you to appear at this hearing to participate in the Settlement.**  If you want to be heard orally in support of opposition to the Settlement, either personally or through counsel, you must comply with the procedures set forth above.  Appearances at Final Approval Hearing may be made by Zoom.  If you wish to attend the Final Approval Hearing and comment upon the Settlement (other than objecting subject to the procedures above), you must notify the Settlement Administrator on or before _____, 2024, to obtain instructions regarding the remote appearance procedure.

## 10.  HOW CAN I GET MORE INFORMATION?

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the Class Action Settlement and Release.  The Settlement, as well as the pleadings and other records in this litigation, including Motion for Preliminary Approval, Motion for Final Approval, and Motion for Attorneys' Fees, Costs and Enhancement Payments, are available by accessing the Court docket in this case through the Court's Public Access to Electronic Records (Pacer) system at https://ecf.caed.uscourts.gov, or by visiting the Clerk Court at any time between 9:00 a.m. and 4:00 p.m., Monday through Friday, in the Clerk's Office located at 2500 Tulare Street, Fresno, California 93721.  You may also view the Court's Order of Preliminary Approval and, once they are filed, the Motion for Attorneys' Fees, Costs and Enhancement Payments, Motion for Final Approval, and Order Granting Final Approval, online at www._____ settlement.com.  The Motion for Attorneys' Fees, Costs and Enhancement Payments and the Motion for Final Approval will be filed on or before _____, 2024, will be available on the Court's website at that time, and will appear online on the settlement website within 24 hours.

If you have questions about the Settlement, you may contact Class Counsel, the Settlement Administrator, or Defendants' Counsel.  The addresses for the Parties' counsel are as follows:

**Class Counsel**:
Jenny D. Baysinger
Robert J. Wassermann
Mayall Hurley P.C.
112 S. Church Street
Lodi, CA 95240
Tel.: (209) 477-3833
Fax: (209) 473-4818
Email: rwassermann@mayallaw.com
jbaysinger@mayallaw.com
Website: www.mayallaw.com

Mark S. Adams
Law Offices of Mark S. Adams
3031 West March Lane, Suite 120
Stockton, CA 95219
Tel: 209-481-3485
Fax: 209-956-0640
Email: madams@adamsemploymentlawyer.com
Website: www.adamsemploymentlawyer.com

**Counsel for Defendant**:
Bradley J. Hamburger
Lauren M. Blas
Nasim Khansari
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Email: bhamburger@gibsondunn.com
lblas@gibsondunn.com
nkhansari@gibsondunn.com
Website: www.gibsondunn.com

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS' ATTORNEYS FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

**THE COURT HAS APPROVED THIS NOTICE.**

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILANI KRYZHANOVSKIY and PATRICIA SALAZAR, individually and on behalf of all others similarly situated and as a proxy for the LWDA,<br><br>        Plaintiffs,<br>v.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1-100, inclusive,<br><br>        Defendants. | CASE NO.  2:21-cv-01292-BAM<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PRELIMINARY APPROVAL OF SETTLEMENT, AND HEARING FOR FINAL APPROVAL** |

**IMPORTANT:  THIS LEGAL NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY.  YOU ARE NOT BEING SUED.**

**TO:**   ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES OF DEFENDANTS IN CALIFORNIA BETWEEN JULY 22, 2017 AND NOVEMBER 7, 2023 WHO RECEIVED A SIGNING AND/OR ON SIGN BONUS IN THE SAME WORKWEEK HE/SHE WORKED OVERTIME, INCLUDING DOUBLE TIME

**RE:**   Notice of settlement of a class action lawsuit for alleged Labor Code violations and announcement of a court hearing that you may choose to attend.  You are entitled to receive a payment under the terms of this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **If you do nothing, you will receive a payment under the terms of the Settlement.** |
| **EXCLUDE YOURSELF** | **If you wish to be excluded from the Settlement, you must submit a written election not to participate known as an "opt-out."  If you opt out, you will not be bound by the Settlement and will not receive a payment.** |
| **OBJECT** | **You may write to the Court, Class Counsel, and Defendants' Counsel about why you do not like the Settlement.   If the Court approves the Settlement despite your objection, you will still be bound by the Settlement.** |
| **GO TO A HEARING** | **Write to the Court, Class Counsel, and Defendants' Counsel and ask to speak to the Court about why you do not like the Settlement, or write to Class Counsel to obtain instructions about how to attend the remote final approval hearing.** |

**YOUR OPTIONS ARE MORE FULLY EXPLAINED BELOW.**

**THE DEADLINE TO OPT-OUT OR OBJECT TO THE SETTLEMENT IS_____ \_\_, 2024.**

1. **WHY DID I RECEIVE THIS NOTICE?**

   Plaintiffs Leilani Kryzhanovskiy and Patricia Salazar ("Plaintiffs") and Defendants Amazon.com Services, Inc. and Amazon.com Services, LLC ("Defendants" or "Amazon", collectively with Plaintiff, the "Parties") have proposed to settle this class action lawsuit.  Your employment records indicate that you are a member of the Settlement Class.  If the Court approves the Settlement, your legal rights may be affected.  This court-approved Notice of Pendency of Class Action, Preliminary Approval of Settlement, and Hearing for Final Approval ("Notice"), is only a summary.  A more detailed document, called the "Class Action Settlement Agreement and Release" (the "Settlement"), containing the complete terms is on file with the Court as part of the motion for preliminary approval, and is available for your review on the Court's website and on the website relating to this Class Action that is maintained by the Settlement Administrator.

2. **WHAT IS THIS LAWSUIT ABOUT?**

   Plaintiff Kryzhanovskiy initially filed this lawsuit against Defendants on July 22, 2021, in the United States District Court, Eastern District of California.  A First Amended Class and Representative Action Complaint for Damages and Civil Penalties was filed August 20, 2021.  On November 29, 2023, a Second Amended Class and Representative Action Complaint for Damages and Civil Penalties was filed which, among other things, added Plaintiff Salazar as a named plaintiff.  Through the operative complaint, Plaintiffs allege that, during their employment, Defendants had a policy, pattern, and practice of failing to properly calculate and pay overtime wages and redeemed sick leave to certain non-exempt employees who earned Signing Bonuses and/or On Sign Bonuses, failing to provide accurate, itemized wage statements that provide all of the information required by Labor Code section 226(a)(2), and failing to pay all wages due at the time of separation.  Plaintiff Kryzhanovskiy also separately asserts individual claims for alleged violations of the California Fair Employment and Housing Act (Cal. Govt. Code §§ 12940, et al.) and failure to timely provide her copies of her personnel and payroll records ("Kryzhanovskiy Individual Claims").

   Defendants deny any liability or wrongdoing of any kind and maintain their practices were lawful.  The Court has made no determination about the strengths and weaknesses of the claims or contentions of either Plaintiffs or Defendants.

   There are multiple ongoing cases against Defendants including the following:

   - *Juan Trevino v. Golden State FC LLC* – a consolidated action pending in the Eastern District of California Case No. 1:18-cv-00120-DAD-BAM
   - *Porter v. Amazon.com Services, LLC* – Central District of California Case No. 2:20-cv-09496-JVS-SHK
   - *Clayborn v. Amazon.com Services, LLC* – Central District of California Case No. 5:20-02368-JVS-SHK

   The plaintiffs in these other matters have alleged class claims against Defendants, some of which may overlap with the claims asserted in this Action and subject to the Settlement.  To the extent claims in any of the above matters overlap with claims in this Action, they will be resolved along with the class claims in this Action upon the Court's final approval of the Settlement.

3. **WHO IS COVERED BY THE CLASS ACTION AND PROPOSED SETTLEMENT?**

   The Settlement covers the claims of a number of current and former employees of Defendants (referred to as the "Class Members" and collectively as the "Class") consisting of the following:

All current and former non-exempt employees of Defendants in California during the Class Period who received a Signing Bonus and/or On Sign Bonus in the same workweek as he/she worked overtime, including doubletime.

There are approximately 3,232 total Class Members.

### A. The Effect of Membership in the Settlement Class.

If you are a Class Member as defined above, you are automatically a "Participating Settlement Class Member" unless you opt-out (i.e., exclude yourself from the Settlement by following the procedures set forth in this Notice). Participating Settlement Class Members are entitled to a share of the "Net Settlement Amount" (or, "NSA") and will be bound by the Settlement if it is approved by the Court. Individuals who opt-out will not be bound by the Settlement and will not be eligible to receive a payment.

### 4. WHAT ARE THE TERMS OF THE SETTLEMENT?

The proposed Settlement was agreed upon between Defendants and Class Counsel following extensive litigation including formal discovery, informal information/data exchange, and months of negotiations. The Parties concluded, after taking into account the risks and costs attendant to further litigation and substantial benefits to be received pursuant to the Settlement, that the Settlement is fair, adequate, and in the best interest of the Class Members. The United States District Court, Eastern District of California, by and through the Honorable Barbara A. McAuliffe, approved the Settlement on a preliminary basis _____, 2024.

### A. Overall Summary of the Settlement Terms.

Defendants will pay $3,000,000 to settle this case (referred to as the "Gross Settlement Fund" or "GSF"). The GSF includes payments to Participating Settlement Class Members, the fees and costs of the Settlement Administrator, a service payment to Plaintiffs, and Class Counsel's attorneys' fees and costs, as well as a payment to the State of California.

### B. Costs of Settlement Administrator.

The Parties have agreed to employ Atticus Class Action Administration to serve as Settlement Administrator. The Settlement Administrator's fees and costs for administering the Settlement, estimated to be no more than $25,000, if approved by the Court, will be paid out of the GSF.

### C. Payment to the State.

The Parties have allocated $100,000 of the GSF to any civil penalties that could be awarded pursuant to the California Labor Code Private Attorneys General Act (the "PAGA"). Of that amount, $75,000 will be paid to the California Labor and Workforce Development Agency, and the remaining amount ($25,000) will be distributed to PAGA Settlement Members, regardless of whether he/she opts out of the Settlement.

### D. Enhancement Payments to Class Representatives.

Plaintiffs have each been approved by the Court to serve as "Class Representative." As Class Representatives, each Plaintiff is entitled to a payment for her services to the Class. The Parties have agreed, and the Court has preliminarily approved a payment of $10,000, or 0.33% of the GSF, to Plaintiff Kryzhanvoskiy and $7,500, or 0.25% of the GSF, to Plaintiff Salzar for each's respective service to the Class.

### E. Class Counsel's Fees and Costs.

Class Counsel is entitled to attorney's fees and costs for representing the Class Members. Class Counsel will request attorneys' fees of one-third of the GSF, presently $1,000,000, to be split 90% to Mayall Hurley, P.C. and 10% to the Law Offices of Mark S. Adams and reimbursement of actual litigation costs of up to $30,000. Defendants do not object to Class Counsel's request.

### F. Resolution of the Kryzhanovskiy Individual Claims.

Separate and apart from the Class claims, Plaintiff Kryzhanovskiy also agreed to settle the Kryzhanovskiy Claims for a separate amount of $25,000. The resolution of those claims *is not* contingent on the Court approving the Class Settlement. Plaintiff Kryzhanovskiy has provided Defendants with a complete release broader than that impacting the Settlement Class, including a section 1542 waiver of her individual claims as well as all other claims, known or unknown which she may have against Defendants.

### G. Expected Net Settlement Amount ("NSA") and Individual Settlement Payments

The NSA is expected to be at least $1,827,500. This amount will be distributed to Participating Settlement Class Members based on the number of workweeks he/she worked for Defendants between July 22, 2017 and November 7, 2023 (the "Class Period"). Participating Settlement Class Members whose employment with Defendants ended will be credited with an additional four (4) workweeks for purposes of calculating his/her proportional Individual Settlement Payment.

### H. What Can I Expect to Receive?

The payments to Participating Settlement Class Members (those who do not opt out) will be calculated as follows:

Individual Settlement Payments will be calculated and apportioned on a pro rata basis from the NSA to Participating Settlement Class Members who do not opt out depending on the number of "weeks worked" or "workweeks" (defined as any calendar week during the Class Period) in which a Participating Settlement Class Member performed at least one day of work for Defendants. Participating Settlement Class Members whose employment has ended will be credited an additional four (4) weeks worked for purposes of calculating their pro rata share of the NSA. Participating Settlement Class Members do not need to submit a claim to participate and receive their Individual Settlement Payment.

The Parties estimate that the ***average*** payment to each Participating Settlement Member will be approximately $565.43.

Defendants' records indicate that you are a member of the Settlement Class. The records also indicate that you worked: (a) _____ workweeks [and that you separated from employment with Defendants] during the Class Period. It is estimated that your Individual Settlement Payment will be $_____. It will not be possible to know the exact amount of your payment until the response deadline has passed and the Settlement Administrator knows the number of Participating Settlement Class Members.

50% of each Individual Settlement Payment will be treated as wages and reported on a W-2 Form, and the remaining 50% will be treated as penalties and interest and reported on a Form 1099.

Any and all employer tax obligations that Defendants would normally be responsible for paying will be paid by Defendants in addition to the Gross Settlement Fund. Participating Settlement Class Members are responsible for any other taxes owing on their settlement payment(s).

**5.         WHAT AM I GIVING UP IF I DO NOT OPT OUT OF THE SETTLEMENT?**

Each Participating Settlement Class Member shall forever and completely release and discharge Defendants and Released Parties from the Released Claims.

"Released Parties" means Defendants and each of their past, present, and/or future, direct, and/or indirect officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint ventures.

"Released Class Claims" means all claims, actions, demands, causes of action, suits, debts, obligations, demands, rights, liabilities, or legal theories of relief, that are based on the facts and legal theories asserted in the operative complaint of the Action, or which relate to the primary rights asserted in the operative complaint, including without limitation claims for (1) failure to pay overtime under California Labor Code §§ 510, 558, 1194, and 1198, (2) failure to furnish accurate wage statements under California Labor Code § 226(a), (3) failure to pay sick leave in violation of Labor Code § 248.5, (4) waiting time penalties in violation of Labor Code §§ 201–203, and (5) unlawful business practices under Unfair Competition Law including Business and Professions Code sections 17200 *et seq*. The period of the Released Class Claims shall extend to the limits of the Class Period.

"Released PAGA Claims" means all claims for civil penalties pursuant to PAGA based on the facts and legal theories asserted in the operative complaint of the Action, or which relate to the primary rights asserted in the operative complaint, including without limitation PAGA claims for (1) failure to pay overtime under California Labor Code §§ 510, 558, 1194, and 1198, (2) failure to furnish accurate wage statements under California Labor Code § 226(a), (3) failure to pay sick leave in violation of Labor Code § 248.5, and (4) waiting time penalties in violation of Labor Code §§ 201–203. The period of the Released PAGA Claims shall extend to the limits of the PAGA Period.

**If you do NOT exclude yourself by following the procedures set forth in this Notice and the Court approves the proposed Settlement, you will be deemed to have released these claims.**

**6.         HOW DO I RECEIVE A PAYMENT?**

All Settlement Class Members will receive a payment under this Settlement unless they opt-out. If you are a Class Member and you move or change your address, and you want to receive your settlement benefits at your new address, you must send a notice of your change of address to the Settlement Administrator, Atticus Class Action Administration, [CASE SPECIFIC MAILING ADDRESS HERE].

**7.         WHAT ARE THE REASONS FOR THE SETTLEMENT?**

Class Counsel and Plaintiffs agreed to enter into the proposed Settlement after weighing the risks and benefits of the Settlement when compared with those of continuing the litigation. The factors that Class Counsel and Plaintiffs considered included the strength of the Settlement Class Members' claims, the uncertainty and delay associated with continued litigation, a trial, and appeals, and the uncertainty of particular legal issues yet to be determined, including whether the Class would be certified. Class Counsel and Plaintiffs balanced these and other substantial risks in determining that the proposed Settlement is fair, reasonable, and adequate in light of all circumstances and in the best interest of Settlement Class Members.

Although Defendants deny any liability or wrongdoing of any kind, they have agreed to the Settlement in order to avoid risks, costs, and disruption of business associated with protracted litigation.

8.     **WHAT ARE MY RIGHTS AND OPTIONS?**

If you are a Settlement Class Member as defined above, you have the following rights and options under the proposed Settlement:

**A.     Participate in the Settlement, be represented by Class Counsel, and take no action.**

If you take no further action, you will be a Participating Settlement Class Member, will be represented by Class Counsel, and will have the right to a share of the NSA. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendants and the other Released Parties. As a Participating Settlement Class Member, you will not be charged for the services of Class Counsel.

**B.     Participate in the Settlement, but elect to hire your own attorney.**

If you do not wish to be represented by Class Counsel, you may hire your own attorney. Your attorney must send a Notice of Appearance to the Settlement Administrator at the address listed below, so that it is received no later than _____, ___ 2024, and must also file same with the Court. You will be responsible for any attorneys' fees and costs charged by your attorney.

**C.     Exclude yourself from the Settlement by opting out.**

If you are a Settlement Class Member but **do not** want to participate in the settlement, you may exclude yourself by opting out. If you choose to opt-out, you will lose any right to participate in the Settlement and you will not be eligible to claim a share of the Settlement. You will be free to pursue any claims you may have against Defendants on your own behalf, but Class Counsel will not represent you.

In order to opt-out, you must notify the Settlement Administrator in writing, at the address listed below. In order to be effective, your opt-out must be postmarked or delivered to the Settlement Administrator no later than [45 days from the mailing of the Class Notice], and must be signed, contain your full name, current home (or mailing) address, the last four digits of your Social Security number, and written affirmation of your desire to opt-out containing the following or substantially similar language:

> "I elect to opt-out of the *Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.* class action settlement. I understand that by doing so, I will not be able to participate in the settlement and will not receive a share of the settlement proceeds."

If you do not comply with these procedures, you will lose any opportunity to exclude yourself from the Settlement, will be a Participating Settlement Class Member, will be represented by Class Counsel, and will receive a share of the NSA. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendants and the other Released Parties.

**D.     Object to the terms of the Settlement.**

If you are dissatisfied with the terms of the Settlement, you may, but are not required to, object to the Settlement. All objections and supporting papers must be written and shall (a) clearly identify the case name and number (*Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01292-BAM); (b) include your full name, address, telephone number, and the last four digits of your Social Security Number; (c) concisely state each objection and the grounds therefore; (d) state

whether you would like to appear at the Final Approval Hearing; (e) be mailed to the Settlement Administrator, (f) be served in person or through the mail upon Class Counsel and Defendants' Counsel identified below, and (g) be served in person or through the mail upon the Settlement Administrator, together with proofs of service of all such documents.  To be timely, your objection must be postmarked and served on the Settlement Administrator on or before [45 days following the mailing of the Class Notice].  The Settlement Administrator will lodge any objections with the Court in advance of the Final Approval Hearing.

If you have filed a timely and proper objection, you also may, but are not required to, appear and present argument at the Final Approval Hearing.  Objections not timely postmarked or delivered to the Settlement Administrator by [45 days after the mailing of the Notice Packet] will not be considered by the Court.  If you file an objection that is not timely, or that does not include the information specified above, you will have no right to appear and present any argument at the final approval hearing.

You may be represented by an attorney at the final approval hearing.  Any attorney who will represent an individual Settlement Class Member must file a notice of appearance with the Court and serve counsel for all parties on or before [45 days after the mailing of the Notice Packet].  All objections or other correspondence must state the name and number of the case – *Kryzhanovskiy/Salazar v. Amazon.com Services, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:21-cv-01292-BAM.

## 9. WHEN IS THE COURT HEARING AND WHAT IS IT FOR?

The Court will hold the Final Approval Hearing in the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721 on September 10, 2024, at 9:00 a.m. in Courtroom 8 (6th Floor) to determine whether the Settlement should be finally approved as fair, reasonable and adequate.  The date of the Final Approval Hearing may be changed at the discretion of the Court.  If this happens, notice will be posted on the Settlement Administrator's website.  The Court will also be asked to approve the fees and costs of the Settlement Administrator, the payment to the State of California, the enhancement payments to the Class Representatives, and the fees and costs of Class Counsel.  **It is not necessary for you to appear at this hearing to participate in the Settlement.**  If you want to be heard orally in support of opposition to the Settlement, either personally or through counsel, you must comply with the procedures set forth above.  Appearances at Final Approval Hearing may be made by Zoom.  If you wish to attend the Final Approval Hearing and comment upon the Settlement (other than objecting subject to the procedures above), you must notify the Settlement Administrator on or before _____, 2024, to obtain instructions regarding the remote appearance procedure.

## 10. HOW CAN I GET MORE INFORMATION?

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the Class Action Settlement and Release.  The Settlement, as well as the pleadings and other records in this litigation, including Motion for Preliminary Approval, Motion for Final Approval, and Motion for Attorneys' Fees, Costs and Enhancement Payments, are available by accessing the Court docket in this case through the Court's Public Access to Electronic Records (Pacer) system at https://ecf.caed.uscourts.gov, or by visiting the Clerk Court at any time between 9:00 a.m. and 4:00 p.m., Monday through Friday, in the Clerk's Office located at 2500 Tulare Street, Fresno, California 93721.  You may also view the Court's Order of Preliminary Approval and, once they are filed, the Motion for Attorneys' Fees, Costs and Enhancement Payments, Motion for Final Approval, and Order Granting Final Approval, online at www._____settlement.com.  The Motion for Attorneys' Fees, Costs and Enhancement Payments and the Motion for Final Approval will be filed on or before _____, 2024, will be available on the Court's website at that time, and will appear online on the settlement website within 24 hours.

If you have questions about the Settlement, you may contact Class Counsel, the Settlement Administrator, or Defendants' Counsel.  The addresses for the Parties' counsel are as follows:

**Class Counsel**:
Jenny D. Baysinger
Robert J. Wassermann
Mayall Hurley P.C.
112 S. Church Street
Lodi, CA 95240
Tel.: (209) 477-3833
Fax: (209) 473-4818
Email: rwassermann@mayallaw.com
jbaysinger@mayallaw.com
Website: www.mayallaw.com

Mark S. Adams
Law Offices of Mark S. Adams
3031 West March Lane, Suite 120
Stockton, CA 95219
Tel: 209-481-3485
Fax: 209-956-0640
Email: madams@adamsemploymentlawyer.com
Website: www.adamsemploymentlawyer.com

**Counsel for Defendant**:
Bradley J. Hamburger
Lauren M. Blas
Nasim Khansari
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071
Email: bhamburger@gibsondunn.com
lblas@gibsondunn.com
nkhansari@gibsondunn.com
Website: www.gibsondunn.com

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT, DEFENDANTS, OR DEFENDANTS' ATTORNEYS FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

**THE COURT HAS APPROVED THIS NOTICE.**